UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS MOROVICH AND CAROL MOROVICH | CIVIL ACTION |
| VERSUS | NO. 06-8895 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | SECTION "N" (5) |

## ORDER AND REASONS

Before the Court is the Motion to Remand (Rec. Doc. No. 5) filed on behalf of Plaintiffs, Thomas and Carol Morovich. Defendants in this matter are State Farm Fire and Casualty Company ("State Farm") and Tim McCoy, an adjuster for State Farm. This matter was removed from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, by State Farm on October 20, 2006. State Farm opposes Plaintiffs' motion (Rec. Doc. No. 8). The Court has reviewed the motion, along with the supporting and opposing memoranda. For the reasons stated herein, Plaintiffs' motion is **DENIED**.

### I. BACKGROUND

Plaintiffs in this case are Louisiana property owners who suffered damage to their property during Hurricane Katrina. On August 29, 2006, Plaintiffs filed this lawsuit against their homeowner's insurer, State Farm, and the State Farm adjuster, Tim McCoy, in the 25th Judicial District Court for the Parish of Plaquemines. Plaintiffs allege that State Farm has only paid a small portion of its policy coverages and that their denial of additional payments for Plaintiffs' losses caused by tornadoes and/or high winds was in bad faith. Plaintiffs further allege that McCoy engaged in bad faith claims adjustment because he initially assured Plaintiffs that their damages

were caused by covered perils but later changed his conclusions. On October 20, 2006, State Farm removed the case to this Court,[1] claiming diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. State Farm further contends that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). Plaintiffs now seek to remand this matter, claiming that diversity jurisdiction is lacking because complete diversity does not exist, and that the MMTJA is inapplicable. State Farm opposes the motion to remand.

## II. LAW AND ANALYSIS

### A. Legal Standard

#### 1. Removal

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In removal actions, the removing party bears the burden of establishing the existence of federal jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.*, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district

---

[1] As an initial matter, Plaintiffs contend that removal is defective because Defendant McCoy has not unambiguously consented to removal. (Rec. Doc. No. 5-2, p. 9). However, the failure of a defendant who has not been served to join in a removal petition is not a bar to removal jurisdiction. *Jones v. Houston Independent School Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992).

court lacks subject matter jurisdiction." 28 U.S.C. § 1447 (c).

## 2. Diversity Jurisdiction

Pursuant to 28 U.S.C.§ 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states. The Supreme Court has required that parties have complete diversity in order for diversity jurisdiction arising under 28 U.S.C. § 1332 to be invoked. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed. 437 (1996). Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state).

## B. Analysis

### 1. Citizenship of Insurance Adjuster

Plaintiffs allege that "upon information and belief, McCoy is a Louisiana citizen." (Petition ¶ 1, Motion to Remand, ¶ 1). Plaintiffs further allege that the Louisiana citizenship of McCoy is undisputed. (Mot. to Remand, ¶ 2, Memorandum in Support of Motion to Remand, pp.9-10). However, the affidavit of Brett Tweedel, attached to State Farm's Opposition to the Motion to Remand, represents that Tim McCoy "live[s] in Milton, Florida and that he [is] domiciled in Florida." (Rec. Doc. No. 8-2). In light of this information, the Court ordered Plaintiffs to file a reply memorandum regarding the issue of McCoy's citizenship. (Rec. Doc. No. 9). On March 12, 2007, Plaintiffs filed a memorandum acknowledging that Mr. McCoy is not a Louisiana citizen.

(Rec. Doc. No. 11). Because it is undisputed that Mr. McCoy is not a citizen of Louisiana, the Court finds that complete diversity exists in this case.

## 2. Jurisdictional Amount

Regarding jurisdictional amount, based on Plaintiff's original petition filed in state court, this Court is unable to determine that the amount in controversy is below the jurisdictional threshold amount of $75,000. The subject homeowner's policy has limits of $122,949 for dwelling and $86,064 for contents. Further, a review of the petition reveals that Plaintiffs seek statutory penalties and attorney's fees under La. R.S. 22:658 and 22:1220. In addition, Plaintiffs seek recovery under La. R.S. 22:695, which requires payment of full policy limits. Finally, Plaintiffs have failed to provide any stipulation that they affirmatively renounce and waive their right to recover any sums over and above $75,000. The Court also notes that Plaintiffs did not allege in their petition that the amount in controversy was less than $75,000, as is required by La. Code of Civil Procedure art. 893.

Thus, the Court concludes that it is facially apparent from the petition that the amount in controversy exceeds $75,000, exclusive of interest and costs. Because Mr. McCoy is a diverse defendant and because the jurisdictional threshold has been met, the Court finds that diversity jurisdiction is present.[2]

## 3. MMTJA

"When the Court finds that it has jurisdiction over a case on this basis, the Court need not address defendants' alternative theories for why federal jurisdiction is appropriate in that matter." *Culotta v. State Farm Fire & Casualty Company*, 2007 WL 954781, *1 (E.D.La. March 27, 2007).

---

[2] Because it has been shown that Mr. McCoy is a diverse defendant, the Court finds that Defendants' improper joinder argument is moot.

As such, the Court does not reach the issue of jurisdiction under the MMTJA.  The Court, therefore, finds that it has jurisdiction over this matter and, consequently, denies Plaintiffs' motion to remand.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is hereby **DENIED**.

New Orleans, Louisiana, this   27th   day of April, 2007.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE